UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANA AUCOIN                              CIVIL ACTION

VERSUS                                    NO: 03-1649

MILTON KENNEDY ET AL.                     SECTION: "S" (2)

ORDER AND REASONS

Before the court are Plaintiff's Objections to the
Magistrate Judge's Order (Doc. #104); Motion for Summary Judgment
by St. Tammany Fire Protection District No. 1, Milton Kennedy,
and Steve Farris (Doc. #154); and Motion for Summary Judgment by
American Alternative Insurance Company (Doc. #156).

**IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Leave to File Third Supplemental and
Amending Complaint is denied as it relates to Title VII
retaliation claims; Section 1983 claims against Larry Hess,
Calvin Kline, Donald O'Bryan, and Michael Rich; and Section 1983
claims relating to home confinement during sick leave.

Plaintiff's unequal pay claims, and sexual harassment claims

are dismissed.

Plaintiff's Section 1983 claims against Milton Kennedy and Steve Farris are dismissed.

Plaintiff's Age Discrimination in Employment Act claims for age discrimination, retaliation and harassment and/or hostile work environment claims are dismissed.

Plaintiff's claims in the Second Amended Complaint relating to Title VII retaliation and intentional infliction of emotional distress under state law are dismissed.

Plaintiff's state law claims for false imprisonment are dismissed.

Plaintiff's state law claims for intentional misrepresentation and defamation are dismissed.

**I.    Standard of Review:  Objections to Magistrate Judge's Order.**

Under Rule 72(a) of the Federal Rules of Civil Procedure, the court "shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. Proc. 15(a).  A court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

2

futility of amendment." *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

**II.  Aucoin's Opposition to the Magistrate Judge's Partial Denial of the Third Amended Complaint.**

    **A.  Title VII claims for cancellation of medical insurance.**

Aucoin's claim relating to the cancellation of her medical insurance was first pleaded in Aucoin's Second Amended and Supplemental Complaint (Doc. #61).  The Second Amended Complaint alleged that Aucoin's employer, the Fire District, retaliated against her by improperly cancelling her medical insurance:

> Plaintiff avers that in addition to the items of retaliation previously pled, that the Fire District retaliated against her after her complaints to the EEOC and after this proceeding was instituted by cancelling her health insurance without notice to her in January 2004.  Plaintiff further avers that she only learned that she had no health coverage when she attempted to obtain medication and was denied insurance coverage for the cost of the medicine.  Plaintiff learned that she had not had health insurance for almost a month and she was greatly distressed over not having such insurance given her medical condition and that she was disabled.[1]

Aucoin alleged that these facts constituted "retaliation by the Fire District in response to her filing EEOC complaints and the complaint in these proceedings" in violation of federal law.  She also alleged that these facts constituted a claim under state law

---

[1]Second Amended Complaint (Doc. #57), at ¶ 2.

for intentional infliction of emotional distress.

In the proposed Third Amended Complaint, Aucoin expands on the allegations of the Second Amended Complaint.  Aucoin alleges that the Fire District and certain individual defendants:

> . . . caused Plaintiff's health insurance to be canceled without notice to her on or about January 8, 2004.  Plaintiff further avers that she only learned that she had no health coverage when she attempted to obtain medication and was denied insurance coverage for the cost of the medicine.[2]

She further alleges:

> . . . that Defendants were aware her medical insurance benefits had been canceled as of January 8, 2004 despite the fact that Plaintiff was still employed at the Fire District.  However, Defendants made no attempt to either notify Plaintiff or reinstate her benefits until Plaintiff discovered the situation herself and complaints were made by Plaintiff's counsel in connection with other matters pending before this Court later in January 2004.[3]

In ruling on Aucoin's Motion for Leave to File the Third Amended Complaint, the Magistrate Judge treated the claim as an ERISA claim, and dismissed the individual defendants because they were not persons against whom an ERISA claim may be brought. Thus, the Magistrate Judge concluded the amendment to be "futile insofar as it seeks to assert this first claim against the four newly identified individual defendants, and the motion is denied

---

[2]Third Amended Complaint (Doc. #81), at ¶ IV.

[3]*Id.* at ¶ VIII.

in part as to adding them," because employees cannot be sued under ERISA.[4]  Aucoin objects to that ruling.

The Third Amended Complaint was an expansion of her Second Amended Complaint, which pleaded a retaliation claim.  Thus, the court treats Aucoin's claim that her medical insurance was canceled without just cause as a claim for Title VII retaliation, rather than an ERISA claim.

Ordinarily, a plaintiff is required to exhaust administrative remedies before suing under Title VII.  A plaintiff need not exhaust her remedies prior to suing on a retaliation claim growing out of an earlier EEOC charge "because the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court."  *Gupta v. East Texas State University,* 654 F.2d 411, 414 (5th Cir. 1981).  A judicial complaint filed pursuant to Title VII,

> "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission."  In other words, the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.

---

[4]The Magistrate Judge also concluded that the claim was proper as to the Fire District.

1970).

In the previous ruling, this court limited Aucoin's Title VII claims to conform to the EEOC complaint "that Aucoin 'performed work in the position of Administrative Assistant requiring equal skill, effort, and responsibility under similar working conditions, and that she was paid less than males and/or younger males in comparable positions.'" (Doc. #41 at 14-15).

The retaliation claim in Aucoin's Third Amended Complaint concerning the cancellation of her medical insurance does not grow out of her EEOC charges as required for Title VII retaliation claims. Therefore, Aucoin's Motion to Amend to assert a claim for Title VII retaliation is denied, both as to the individuals and the Fire District.

**B.   Section 1983 actions for gender and age discrimination.**

**1.   Section 1983 claims for the cancellation of her medical insurance against individual defendants.**

Aucoin contends that the retaliation claims against the individual defendants in this portion of her Third Amended Complaint are §1983 claims for gender and age discrimination, which this court previously ruled were allowed against the individual defendants. Aucoin argues in her opposition that the Magistrate Judge wrongly believed this court had previously dismissed this claim. Aucoin is correct this claim was not

previously dismissed.  However, this court finds the claims to be time barred.

In oral argument on January 21, 2004, plaintiff's counsel represented to the court that "[p]laintiff had become aware a few days before the argument that Defendants terminated her health insurance benefits."  Thus, through counsel, Aucoin admitted to knowing of the allegedly improper termination of her health insurance at least as of the date of oral argument on January 21, 2004.  Aucoin's Third Amended Complaint was filed September 20, 2005, more than a year after that admission.  Thus, construing Aucoin's claims as §1983 claims, her amendment would be futile because the claims are time-barred under the one-year prescriptive period provided by La. Civ. Code art. 3492, which applies to her state law tort claims and, therefore, to her §1983 claims.  *Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir. 1989) (holding that Louisiana's one-year statute of limitations period under La. Civ. Code art. 3492 applies to §1983 claims).

> **2.   Section 1983 claims for the interference with disability retirement benefits, other benefits and/or employment rights.**

As to Aucoin's §1983 claims for interference with disability retirement benefits, other benefits and/or employment rights, the Magistrate Judge denied Aucoin's motion to amend "insofar as it seeks to bring any of the claims in this part of the proposed

amended complaint against the individual defendants." This portion of the Third Amended Complaint alleges claims against four new individual defendants, Hess, Cline, Rich, and O'Bryan, for both age and gender discrimination. Aucoin argues that she should be able to amend her complaint to allege §1983 claims that (1) defendant Hess completed a form indicating that he would not rehire Aucoin, which damaged her ability to secure other employment[5]; (2) her position was improperly abolished and caused her loss of benefits[6]; and (3) defendants' interference with her long-term disability benefits.[7] The defendants argue her claims are either time-barred or do not state a claim and, therefore, Aucoin's motion to amend is futile.

Treating the claims as §1983 claims, the proposed amendment is futile because the claims against the four new defendants are time-barred. The third amended complaint was filed on September 20, 2005, and Aucoin does not allege that any of the new defendants' conduct occurred within one year prior to the filing of the third amended complaint. Further, Aucoin has not shown that any of the exceptions of Federal Rule of Civil Procedure

---

[5]Third Amended Complaint (Doc. #81), ¶ XIV.

[6]Third Amended Complaint (Doc. #81), ¶¶ XI-XIII.

[7]Third Amended Complaint (Doc. #81), ¶ X.

15(c)(3) apply to extend the period for adding new parties.
Accordingly, the motion to amend the complaint to add §1983
claims against Larry Hess, Calvin Kline, Donald O'Bryan, and
Michael Rich is denied.

> **3.   Section 1983 claims for forcing Plaintiff to
> Remain in her Home for Extended Periods while on
> Sick Leave when Other Employees were not Similarly
> Confined."**

The Magistrate Judge denied Aucoin's Motion to Amend in this
portion of the Third Amended Complaint as futile insofar as it
seeks to assert age and gender discrimination claims against the
newly named individual defendants.  Defendants contend that
because Aucoin was not treated less favorably than younger
similarly situated males, she cannot make out a *prima facie*
discrimination case under §1983 against the individual
defendants.  Defendants contend that the sick leave policy
applied to all Fire District employees, and point out that the
policy was enforced against a younger male employee, Leonard
Smith, but not against Aucoin, despite Kennedy's having
personally witnessed Aucoin violating the policy a number of
times.[8]

Aucoin's allegation that the policy was enforced in a manner

---

[8]*See* Exhibit "O" attached to Doc. #154 (Employee Warning
Record, enforcing sick leave policy against Leonard Smith).

9

that discriminated against her are futile.  The sick leave policy
was enforced equally against other people, including younger
males.  Therefore, Aucoin's Motion to Amend is denied as futile.[9]

**III. Standard of Review:  Motions for Summary Judgment.**

Summary judgment is proper when, viewing the evidence in the
light most favorable to the non-movant, "there is no genuine
issue as to any material fact and . . . the moving party is
entitled to judgment as a matter of law."  *Amburgey v. Corhart
Refractories Corp.,* 936 F.2d 805, 809 (5th Cir. 1991); Fed. R.
Civ. P. 56(c).  If the moving party meets the initial burden of
establishing that there is no genuine issue, the burden shifts to
the non-moving party to produce evidence of the existence of a
genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S.
317, 323 (1986).

**IV.  Aucoin's Unequal Pay Claims.**

In the Motion for Summary Judgment, defendants ask that the
claims for unequal pay be dismissed.  The court previously ruled
"that Aucoin's Title VII claim [for unequal pay] is limited to
the allegation that she performed work in the position of
Administrative Assistant requiring equal skill, effort, and
responsibility under similar working conditions, and that she was

---

[9]*See infra* section VI(A) .

10

paid less than male and/or younger males in comparable positions."

In addition to her Title VII claim, Aucoin contends the Fire District's action violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; §1983; the Equal Pay Act ("EPA"), 29 U.S.C. § 206 *et seq.*; and the Louisiana Anti-Discrimination Law ("LADL"), La. R.S. 23:301 *et seq.*, because she received lower pay than other employees, including Charles Abney and Gary Hathorn, both younger males, and Cheryl Gross, a younger woman. Under each of the laws invoked by the plaintiff, in order to establish a *prima facie* case, she must show she was similarly situated to the employee whose pay was allegedly disproportionate to her own.  *See Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756 (1979) (noting the ADEA should be construed consistently with Title VII); *La Day v. Catalyst Technology, Inc.,* 302 F.3d 474, 477 (5th Cir. 2002) (noting that the scope of the LADA and Title VII are substantially similar); *Siler-Khodr v. University of Texas Health Science Center,* 261 F.3d 542, 546 (5th Cir. 2001) (noting that EPA claims generally parallel Title VII wage discrimination claims); *Cervantez v. Bexar County Civil Service Commission,* 99 F.3d 730, 734 (5th Cir. 1996) (recognizing that Section 1983 and Title VII causes of action are parallel).

**A.    Charles Abney.**

11

Aucoin claims that she is similarly situated to Charles Abney because both:  (1) occupied a classified position of Administrative Assistant to the Fire Chief and/or was recommended to be classified as an AAFC by the Office of State Examiner; (2) continued to perform the same duties regardless of title; (3) dealt with attorneys on matters involving the Fire District; (4) dealt with legislators on issues including pensions; (5) dealt with research and/or planning of programs; and (6) neither had a college degree in the field for which they were hired.  Aucoin also asserts that the fact that Abney had a college degree and a different title is not significant.  Abney's job responsibilities included handling Fire District funds, investments, payroll IRS reporting and accounting, not unrelated to his degree.  Aucoin argues that Abney's college degree in general business administration and computer science had no significance to his job duties.  Rather, she argues that "[w]hat is relevant are the skills necessary to perform the duties for each employee's position."  Aucoin further contends that regardless of title, both she and Abney were no more than administrative assistants.

The undisputed material facts establish that Aucoin's and Abney's education, qualifications, and job duties were substantially different:(1) Aucoin was the AAFC while Abney was the Chief Administrative Officer; (2) Aucoin's position received

12

classified civil service protection, while Abney's did not; (3) Aucoin did not have a college degree, while Abney had a college degree in business management; (4) Aucoin did not supervise other employees, while Abney did; (5) Aucoin had no financial responsibility, while Abney was in charge of the Fire District finances including accounting, budgeting, bank investments, IRS reporting, payables and receivables, and all payroll responsibilities; and (6) Aucoin had human resource duties, while Abney did not.  Therefore, defendants' motion for summary judgment to dismiss Aucoin's unequal pay claim as it relates to Abney is granted.

**B.    Gary Hathorn.**

Hathorn was hired by the Fire District as an Administrative Assistant to the Fire Chief, but shortly thereafter his classification was changed to Planning and Research Officer. According to Aucoin, although Hathorn's title changed, he continued to perform similar duties that she performed, but for much higher pay.  In support of her contention, she notes that Milton Kennedy, Fire Chief from February 2000 until he resigned in the fall of 2003, testified in his deposition that many of Aucoin's and Hathorn's duties overlapped.

The evidence establishes that:  (1) Aucoin never went to fire scenes, while Hathorn did; (2) Aucoin never acted as a

13

safety officer, while Hathorn did; (3) Aucoin performed human resource duties, and Hathorn did not; (4) Aucoin did not have previous experience in fire suppression, while Hathorn did; (5) Aucoin did not have fire safety or emergency response training, while Hathorn had completed a number of courses on these subject matters; and (6) Aucoin was not a certified emergency medical technician, or a certified hazardous materials technician, but Hathorn was.

The undisputed material facts establish that Aucoin and Hathorn had different qualifications and job duties, and were therefore not similarly situated. Therefore, defendants' motion for summary judgment on Aucoin's unequal pay claim as it relates to Hathorn is granted.

### C. Cheryl Gross.

American Alternative Insurance Company's motion for summary judgment requests that the court dismiss Aucoin's unequal pay claim as it relates to Cheryl Gross. Aucoin's original complaint alleges that Gross earned $100 less per month than Aucoin. Aucoin argues Gross was treated favorably because Gross' salary was not significantly less than Aucoin's. Aucoin does not assert that she and Gross were similarly situated. Therefore, defendants' motion for summary judgment on Aucoin's unequal pay claim as it relates to Gross is granted.

14

**V.   Sexual Harassment Claims.**

The court previously ruled that Aucoin's Title VII claims
are limited to her equal pay claims, because all other Title VII
claims were beyond the scope of her EEOC charge.  (Document #41
at 14-15).  The defendants note that, "[w]hile this ruling would
preclude plaintiff's sexual harassment claims under Title VII, it
arguably did not reach plaintiff's sexual harassment claims under
§1983 which are based on equal protection."

Aucoin concedes that "[s]he did not intend to make a
harassment claim for sexually aggressive behavior, but rather
claims that under Title VII, the Equal Pay Act, §1983, and other
statutes based on facts constituting gender and/or age
discrimination, different treatment and/or retaliation."
Therefore, defendants' motion for summary judgment to dismiss
Aucoin's sexual harassment claims under §1983, which are based on
equal protection, is granted.

**VI.  Section 1983 Claims against Kennedy and Farris.**

Milton Kennedy, former Fire Chief, and Steve Farris, former
Chairman of the Fire District's Board of Commissioners, move to
dismiss the remaining §1983 claims against them.[10]  Specifically,
Kennedy and Farris contend that Aucoin's §1983 claim that she was

_____

[10]Farris filed a separate motion for summary judgment.
(Doc. #129  In light of this ruling, that motion is moot.

unfairly subjected to the Fire District's "house arrest" sick leave policy should be dismissed.  Farris further argues that Aucoin has not presented any evidence that would support an actionable §1983 claim against him.

**A.   Claim that Kennedy and Farris subjected Aucoin to "house arrest."**

The defendants request summary judgment on Aucoin's §1983 claim against Kennedy and Farris for enforcing the sick leave policy.  Defendants' motion for summary judgment is granted because the sick leave policy was applied equally, as stated in section (II)(B)(3).

**B.   Additional §1983 claims against Farris.**

Farris contends that Aucoin has failed to state any additional §1983 claims against him.  Farris cites Aucoin's deposition testimony during which she was asked about the nature of the wrongs that Farris committed against her, and her inability to identify a specific claim against Farris individually.

Aucoin argues that she has alleged affirmative evidence of §1983 claims notwithstanding her deposition testimony.  Aucoin recites a number of facts that she asserts support her claims against Farris.  For example, she contends the letter from Farris to her stating that she should not attempt to undermine the Fire

16

Chief and his authority after she tried to complain that she was a victim of discrimination and disparate treatment, were veiled threats.  However, that action, and the others she refers to, occurred before June 10, 2002.  This court previously dismissed all §1983 claims against the defendants stemming from actions occurring before June 10, 2002.

Aucoin has not articulated a §1983 claim against Farris occurring after June 10, 2002.  Therefore, Farris' motion for summary judgment is granted as to Aucoin's remaining §1983 claims against him.

**VII. ADEA Claims.**

In the First Amended and Supplemental Complaint, Aucoin alleges that she was subjected to age discrimination, retaliation, and a hostile work environment under the ADEA.  The court previously dismissed all ADEA claims against the Fire District that occurred prior to September 21, 2001, all claims against Kennedy and Farris, and claims for punitive damages under the statute.  (Doc. #41).  The defendants now request that the court grant summary judgment on claims which occurred after September 21, 2001.

**A.   Discrimination claims.**

To be successful in discrimination claims under the ADEA, Aucoin must demonstrate a *prima facie* case showing (1) that she

17

suffered an adverse employment action; (2) she was qualified for the position; (3) she was within the protected class at the time of the employment action at issue; and (4) she was either replaced by someone outside the protected class, replaced by someone younger, or otherwise discriminated against because of her age. *Palasota v. Haggar Clothing Co.,* 342 F.3d 569, 576 (5th Cir. 2003).

Adverse employment actions in age discrimination cases generally have been limited to actions constituting a significant change in employment status, including hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Mota v. University of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 519 (5th Cir. 2001).

The discrimination actions that Aucoin complains of include: (1) unequal pay; (2) the investigation regarding and the repayment of a raise; (3) allegedly requiring her to write statements regarding Fire District Commissioners on June 28, 2002 and August 7, 2002; (4) a letter concerning sick leave documentation and adherence to the sick leave policy; (5) demands that she return Fire District property while on sick leave; (6) a petition filed by St. Tammany Parish District Attorney Walter Reed to recover public funds; (7) an emergency meeting called

regarding the petition to recover public funds; (8) cancellation of her health insurance; (9) providing misinformation to Standard Health Insurance causing the denial of a disability claim; (10) conspiracy to eliminate her position; and (11) statements made by Chief Hess concerning his opinion that he would not rehire Aucoin.

Aucoin cannot prevail on any of these claims.  Aucoin's claim that she was retaliated against because she received unequal pay fails because she was not similarly situated to the individuals she complains received higher wages.[11]  The investigation regarding repayment of her raise occurred before September 21, 2001, and is therefore prescribed.  Her allegation that she was forced to write statements regarding Fire District commissioners does not amount to an adverse employment action.

Further, the letter concerning Aucoin's need to follow the sick leave policy was not discriminatory because it applied equally to all employees.[12]  The Fire District's demand that Aucoin return its property while she was on extended sick leave was not an adverse employment action.  Aucoin's allegation

---

[11]*See supra* section IV of this Order.

[12]*See supra* section VI(A) of this Order.

19

concerning the petition to recover public funds is premature.[13]
Aucoin's allegation that she was discriminated because the Board
of Commissioners called an emergency meeting to discuss the
aforementioned petition was not an adverse employment action.
The claim concerning the cancellation of her health insurance is
prescribed.[14]

In addition, Aucoin's claim that she was discriminated
against because her disability claim was denied as a result of
misinformation being provided to Standard Insurance Company fails
because the insurance company independently determined that
Aucoin was not disabled within the terms of the policy.[15]

The allegation that the Fire District conspired to illegally
eliminate Aucoin's position also fails.  Aucoin's position was
not terminated until after she retired in June 2004.  Aucoin
declared her intention of retiring as soon as her annual leave
was exhausted on May 10, 2004.  She also declared she "could care
less" whether her position was abolished after her retirement.[16]
Thus, her argument that the retirement was a constructive firing

---

[13]*See infra* section X(B) of this Order.

[14]*See supra* section II(B)(1) of this Order.

[15]*See* Exhibit "N" attached to AAIC's Motion for Summary
Judgment.

[16]*See* Exhibit "24", at 2, attached to Aucoin's Opposition to
to AAIC's Motion for Summary Judgment.  (Doc. #170).

is refuted by her own testimony.  The abolishing of her position after her retirement does not constitute an adverse employment action.  Moreover, Aucoin's claim that she was discriminated against because Chief Hess indicated that he would not rehire her fails because a low evaluation does not amount to an adverse employment action.  *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 708 (5th Cir. 1997).

Therefore, the defendants' motion for summary judgment is granted as to Aucoin's ADEA claims for age discrimination.

**B.    Retaliation claims.**

Aucoin alleges that she was subjected to retaliation under the ADEA for initiating a charge of discrimination with the EEOC, pursuing this lawsuit, and aiding others who were asserting Title VII claims against the First District.  For Aucoin to establish a *prima facie* case for retaliation, she must show (1) the she engaged in an activity protected by the ADEA, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.  *Holtzclaw v. DSC Communications Corp.,* 255 F.3d 254, 259 (5th Cir. 2001).

Recently, the Supreme Court held that, in addition to the generally recognized adverse employment actions, retaliation covers those "employer actions that would have been materially adverse to a reasonable employee or job applicant," which "means

that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White,* 126 S. Ct. 2405, 2409 (2006).  The Court noted that although context matters, normally petty slights, minor annoyances, and a simple lack of good manners would not create sufficient deterrence to support a charge of retaliation.  *Id.* at 2415.

Even under the new standard of *Burlington,* Aucoin's allegations do not amount to adverse employment actions. Therefore, the defendants' motion for summary judgment is granted as to Aucoin's ADEA claims for retaliation.

**C.   Harassment and/or hostile work environment claims.**

Aucoin alleges that the defendants' actions for which she complained amounted to discrimination and retaliation under the ADEA, also created a harassing and/or hostile work environment. For Aucoin to be successful in establishing a hostile work environment claim, she must establish (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based upon her protected class; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt

22

remedial action.  *Shepherd v. Comptroller of Public Accounts to the State of Tex.,* 168 F.3d 871, 873 (5th Cir. 1999).

Aucoin cannot establish a hostile work environment claim under the ADEA because she does not allege any facts that indicate any of the complained of actions resulted because of her age.  Thus, the defendants' motion for summary judgment is granted as to Aucoin's claims under the ADEA for harassment and/or hostile work environment.

>    **D.    ADEA claims against the subsequently named individual defendants.**

In her proposed Third Amended Complaint, Aucoin asserted a claim under the ADEA against four new individual defendants, Larry Hess, Calvin Kline, Donald O'Bryan, and Michael Rich.  Upon review of the proposed amended complaint, the Magistrate Judge ruled that, based on the court's previous order, Aucoin's claims of age discrimination against the individuals were futile. (Doc. #100, at 4).[17]  Aucoin did not object, and the Magistrate Judge's ruling is therefore final.  Thus, the defendants' motion for summary judgment on this issue is moot.

**VIII.    Claims Contained in the Second Amended Complaint.**

>    **A.    Title VII retaliation claim.**

---

[17]This court previously ruled that the ADEA does not provide a basis for individual liability for supervisory employees.  Doc. #41, at 9.

In her Second Amended Complaint, Aucoin alleges a Title VII retaliation claim against the Fire District based on the cancellation of her health insurance and providing misinformation to Standard Insurance Company, which she alleges resulted in a decrease in her disability retirement benefits.

Aucoin's EEOC charges do not discuss her being discriminated against as a result of the defendants interfering with her health and disability retirement benefits.[18]  Thus, Aucoin's Title VII retaliation claim made in her Second Amended Complaint does not relate back, or grow out of, her EEOC administrative charges,[19] and defendants' motions for summary judgment to dismiss the claim is granted.

**B.   Intentional infliction of emotion distress under state law.**

Aucoin's claim against the Fire District for intentional infliction of emotional distress was made in her Second Amended Complaint.  She alleged that in canceling her health insurance and providing misinformation to Standard Insurance Company, a decrease in her disability retirement benefits occurred.[20]  In

---

[18]*See supra* section II(A).

[19]*See* Doc. #41, at 11-12, discussing the scope of Aucoin's EEOC administrative charges.

[20]*See* Second Amended Complaint (Doc. #61), ¶4.

24

her Opposition to the Fire District defendants' Motion for Summary Judgment, Aucoin additionally contends that defendants intentionally caused her emotional distress over a period of time by forcing her to be kept under house arrest by enforcing the Fire District's sick leave policy; accusing her of converting, stealing and/or misappropriating funds one business day before she was to have surgery; scheduling an emergency board meeting on the day of her surgery to discuss possible action against, knowing she could not be present to defend herself; and initiating a police investigation for having received an unauthorized pay increase.

To recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the defendant's conduct was extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe, and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be substantially certain to result from his conduct.  *White v. Monsanto Co.,* 585 So. 2d 1205, 1209 (La. 1991).  The conduct complained of must be so outrageous and so extreme in degree as to go beyond all possible bounds of decency as to be considered intolerable to a civilized community.  *Id.* Liability does not extend to insults, indignities, or threats. *Id.*

In cases of employment disputes, a cause of action for intentional infliction of emotional distress exists only when the case involves "a pattern of deliberate, repeated harassment over a period of time." *Nicholas v. Allstate Insurance Co.,* 765 So. 2d 1017, 1025 (La. 2000).  The Fifth Circuit has noted that:

> [I]t is not unusual for an employer, instead of directly discharging an employee, to create unpleasant and onerous work conditions designed to force an employee to quit, i.e., "constructively" to discharge the employee.  In short, although this sort of conduct often rises to the level of illegality, . . . it is not the sort of conduct, as deplorable as it may sometimes be, that constitutes "extreme and outrageous" conduct.

*Wilson v. Monarch Paper Co.,* 939 F.2d 1138, 1143 (5th Cir. 1991).

Aucoin's allegations do not meet the required threshold for a claim of intentional infliction of emotional distress.  There is no allegation of a pattern of deliberate, repeated harassment over a period of time that is so extreme or outrageous as to go beyond all bounds of decency.  Therefore, the defendants' motion for summary judgment is granted as to Aucoin's claim for intentional infliction of emotional distress.

**IX.  Motions for Summary Judgment on Amendments to Third Amended Complaint allowed by Magistrate Judge.**

**A.   State law claim for false imprisonment.**

The Magistrate Judge concluded that Aucoin's allegations of being subjected to virtual "house arrest" stated a claim under Louisiana law for false imprisonment against Hess, Cline, Rich,

26

and O'Bryan.

> False imprisonment is the unlawful and total restraint
> of the liberty of the person.  Submission to the mere
> verbal direction of an employer, unaccompanied by force
> or by threats, does not constitute false imprisonment.
> . . .  False imprisonment may not be predicated on a
> person's unfounded belief that he was restrained.
> Apprehension that one might in the future lose one's
> job . . . is not the force or the threat of force
> necessary to establish false imprisonment.

*Smith v. Knight,* 907 So. 2d 831, 835 (La. App. 2 Cir. 2005)

(citations omitted).  Defendants seek summary judgment dismissing

the claim as being insufficient to constitute false imprisonment.

Aucoin has not alleged any facts to indicate that she was

ever unlawfully or totally restrained.  Aucoin does not allege

she was not free to leave her home whenever she wanted to.  Any

fear she might have had about losing her job if she left her home

while on sick leave is not sufficient to establish false

imprisonment.  Thus, the motion for summary judgment is granted,

and the claim for false imprisonment is dismissed.

**X.    Remaining State Law Claims.**

**A.   Claims of intentional misrepresentation.**

The defendants move for summary judgment on Aucoin's claims

that defendants committed intentional misrepresentation by

telling her that the disparities in the salaries and/or benefits

afforded similarly situated males, and disparaities between

salaries and/or benefits accorded younger workers and Aucoin,

27

would be corrected.[21]

The elements of a claim for intentional misrepresentation in Louisiana are:  (1) misrepresentation of a material fact, (2) made with the intent to deceive, and (3) causing justifiable reliance with resultant injury.  *Guidry v. U.S. Tobacco Co., Inc.,* 188 F.3d 619, 627 (5th Cir. 1999).  Intentional misrepresentation may not be predicated on unfulfilled promises or statements as to future events.  *Watermeier v. Mansueto,* 562 So. 2d 920, 923 (La. App. 5 Cir. 1990).

The defendants cite Aucoin's deposition testimony that Kennedy told her that he would help get her "pay straight."[22] The defendants contend that Aucoin knew that the authority to grant pay increases and set pay scales at all material times rested solely with the Board of Commissioners, not Kennedy. Thus, the defendants assert that Aucoin could not have reasonably relied on any representation by Kennedy that her pay would be increased.

Aucoin argues that it was her understanding that Henry Olinde, who was taking her deposition, and Chief Kennedy, both legal representatives of the Fire District, would help remedy her

---

[21]First Amended Complaint (Doc. #3), ¶LXVII.

[22]*See* Aucoin's Deposition, at 172, attached to Fire Defendants' Motion for Summary Judgement as Exhibit "B".

unequal pay and discipline issues.

The statements Aucoin claims she relied on, taken as true, were statements of promises or statements as to future events. Such statements cannot be the basis of a cause of action for intentional misrepresentation under Louisiana law. Therefore, the defendants' motion for summary judgment is granted as to Aucoin's claims of intentional misrepresentation.

**B.   Defamation.**

The defendants move for summary judgment dismissing Aucoin's defamation claim, which alleges that she was defamed as a result of comments made in the course of a lawsuit brought by the Fire District. To prevail on a claim of defamation, a plaintiff must prove: (1) a false and defamatory statement was made; (2) there was an unprivileged publication of the statement to a third party; (3) fault on the part of the publisher; and (4) resulting injury. *Badeaux v. Southwest Computer Bureau, Inc.,* 929 So. 2d 1211, 1218 (La. 2006).

The case against Aucoin and two other employees was dismissed in the state district court on an exception of prescription. That ruling was appealed, and reversed and remanded by the Louisiana First Circuit Court of Appeal. *See Reed v. Abney,* 928 So. 2d 585 (La. App. 1 Cir. 2006). Aucoin is unable to establish the first element of proof of defamation until the lawsuit is resolved.

While the state court lawsuit may not necessarily be determinative of whether Aucoin can subsequently recover for defamation, it "will have a strong bearing on that issue." *Ortiz v. Barriffe,* 523 So. 2d 896, 898 (La. App. 4 Cir. 1988). The lawsuit is still pending and the claim for defamation is premature. Therefore, defendants' motion for summary judgment on Aucoin's defamation claim is granted.

Plaintiff's objections to the Magistrate Judge's Order are granted in part. (Doc. #104). Defendants' Motions for Summary Judgment are granted in part. (Doc. #154 and #156).

New Orleans, Louisiana, this ___19th___ day of September, 2006.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**